IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZAMBEZIA FILM (PTY) LTD., | ) |
| Plaintiff, | ) |
| v. | ) No. 13 C 1323 |
| DOES 1-33, | ) |
| Defendants. | ) |
| ZAMBEZIA FILM (PTY) LTD., | ) |
| Plaintiff, | ) |
| v. | ) No. 13 C 1741 |
| DOES 1-60, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Against odds of more than 25 to 1 in a court with that many judicial civil calendars (including those of senior judges, calculated in terms of their usually fractional--but occasionally full-voluntarily undertaken calendars), the computerized random assignment system in this District Court has separately assigned to this Court's calendar both of the captioned lawsuits by Zambezia Film (Pty) Ltd. ("Zambezia")--lawsuits that had been filed more than two weeks apart. Because Zambezia's counsel had not by then complied with this District Court's LR 5.2(f), this Court issued a memorandum order in each case as soon as it learned of the assignments, requiring counsel to comply with that LR.

Paper copies of both Complaints have just been delivered to this Court's chambers, and they are almost word-for-word identical--they are stamped from the same cookie-cutter mold, with these being the only differences:

1. As indicated in the caption here, the unidentified "Doe" defendants number 33 in the lower-numbered action and number 60 in the later-filed case.

2. Complaint ¶9 refers to different defendants (John Doe 5 in the first case, John Doe 12 in the second) and to differently numbered so-called "Swarm Sharing Hash Files."

3. Each Complaint has a separate Ex. A that provides identification information as to the respective Doe defendants.

Indeed, even the allegedly infringed copyright is identical in the two cases.

These are far from the first actions brought before this Court and its colleagues in which the BitTorrent protocol and the concept of a "swarm" have been utilized to charge multiple claimed infringers of copyrights. For example, this Court's initial exposure to such actions came in late 2010 and early 2011 in CP Productions, Inc. v. Does 1-300, No. 10 C 6255. In that case it held that what the plaintiff there had impermissibly done was to distort the joinder provisions of Fed. R. Civ. P. ("Rule") 20 through its inappropriate packaging of defendants, an approach

2

that sought to proceed through payment of a single $350 filing fee, while separate suits against the 300 claimed infringers for their discrete infringements would have escalated that cost to $105,000.

That flawed approach on the plaintiff's part was not present in another case assigned to this Court's calendar late in 2012 (<u>Malibu Media LLC v. John Does 1-25</u>, No. 12 C 7578), the handling of which points the way toward dealing with Zambezia's cases now before this Court. As sheer chance would have it, one of this Court's current law clerks (a recent graduate of Michigan Law School) had been the rewrite editor for a then forthcoming student note to be published in the Michigan Law Review that dealt with the precise issue posed by the Bit-Torrent situation and its accompanying swarm syndrome. That enabled this Court to obtain a copy of the galley proofs of that student note, "The Case Against Combating BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits" (since published at 111 Mich. L. Rev. 283 (2012)).

Here is the excerpt from pages 292-93 of Volume 111 (footnotes omitted and emphasis in original) that this Court found compelling in the <u>Malibu Media</u> case and finds equally applicable here:

> When considering whether John Does have been properly joined, judges should require plaintiffs to plead facts sufficient to show that the defendants were not only part of the same swarm, but that they were part of the

> same swarm <u>at the same time as one another</u>. If plaintiffs fail to satisfy this standard, expedited discovery should be denied and the improperly joined defendants should be severed from the action. Generally, this means that a plaintiff would be unable to join every member of a swarm that exists for a protracted period of time. Rather, the plaintiff would have to show that all the defendants downloaded the copyrighted work over a short enough period of time to support a probable inference that all the defendants were present in the swarm at the same time. Such a time period would usually span hours rather than days or months.

On that basis Zambezia has cast its net in each case far too widely.

Accordingly Zambezia's counsel is ordered to identify those Doe defendants who could properly be joined under Rule 20(a)(2) in the terms specified in the above-quoted excerpt. This Court will then proceed to dismiss without prejudice all Doe defendants who are not properly subject to such joinder, and the actions will proceed solely against the nondismissed Does. Meanwhile an initial scheduling order is being issued contemporaneously in each of the two cases, establishing a status hearing date.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 20, 2013